Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Telephone: (856) 429-8334
Attorney of Record: Amy Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CARLOS AMARO,** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **VERDE ENERGY,** | |
| Defendant. | **(Unlawful Debt Collections Practices)** |

## COMPLAINT

CARLOS AMARO ("Plaintiff"), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against VERDE ENERGY. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of New Jersey therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Trenton, New Jersey.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at 101Merritt 7, 2nd Floor, Norwalk Connecticut 06851.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Plaintiff never provided permission to Defendant to call his cellular telephone number or to contact him regarding any goods or services offered by defendant.

13. Throughout August 2015, Defendant called Plaintiff on his cellular telephone.

14. When contacting Plaintiff, Defendant uses an automatic telephone dialing system and automatic and/or prerecorded messages, as well as, live representatives.

15. Defendant's telephone calls to Plaintiff's cellular telephone were not made for "emergency purposes."

16. On August 12, 2015, Plaintiff told Defendant to cease all calls to his cellular telephone.

17. Despite Plaintiff's revocation of consent, Defendant continued to call Plaintiff on his cellular telephone, including three calls on August 13, 2015 and four calls on August 14, 2015.

## DEFENDANT VIOLATED
## THE TELEPHONE CONSUMER PROTECTION ACT

18. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

19. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

20. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

21. Defendant's calls to Plaintiff were not made for emergency purposes.

22. Defendant's calls to Plaintiff, after August 12, 2015, were not made with Plaintiff's prior express consent.

23. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

24. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

25. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, CARLOS AMARO, respectfully prays for judgment as follows:

   a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(a);

   b. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

   c. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendants willfully or knowingly violated the TCPA; and

   d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CARLOS AMARO, demands a jury trial in this case.

## **CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

Dated: September 4, 2015        /s/ Amy L. Bennecoff Ginsburg
                                Amy L. Bennecoff Ginsburg
                                Kimmel & Silverman, P.C.
                                1930 East Marlton Pike, Suite Q29
                                Cherry Hill, NJ 08003
                                Telephone: (856) 429-8334
                                Facsimile: (877) 788-2864
                                Email: abennecoff@creditlaw.com